# <u>Exhibit C</u>

Notice of Intent Letter



## GEORGETOWN LAW
## INSTITUTE FOR PUBLIC REPRESENTATION

Directors
Hope M. Babcock
Laura Moy
  Staff Attorneys
Ben Barczewski
David Schwartz
Lindsey Barrett
Michael Rosenbloom

600 New Jersey Avenue, NW, Suite 312
Washington, DC 20001-2075
Telephone: 202-662-9535
Fax: 202-662-9634

February 24, 2020

*Via Certified Mail*
ANDREW WHEELER, Administrator
U.S. Environmental Protection Agency
Office of the Administrator, 1101A
1200 Pennsylvania Ave., N.W.
Washington, DC 20460

**RE: 60-Day Notice of Intent to File Citizen Suit Under Clean Water Act Section 505(a)(2) for Failure to Disapprove Maryland's PCB TMDL for the Gunpowder and Bird Rivers**

Dear Administrator Wheeler:

Gunpowder Riverkeeper, in accordance with Section 505(b)(2) of the Clean Water Act ("CWA"), 33 U.S.C. § 1365(b)(2), and 40 C.F.R. § 135.2, hereby notifies you that the U.S. Environmental Protection Agency ("EPA" or the "Agency") has failed to perform its non-discretionary duty to disapprove Maryland's Total Maximum Daily Load ("TMDL") of polychlorinated biphenyls ("PCBs") for the Gunpowder and Bird Rivers, pursuant to Section 303(d)(2) of the CWA, 33 U.S.C. § 1313(d)(2).

The CWA requires that TMDLs assign loads to all sources of the pollutant covered by the TMDL. 33 U.S.C. § 1313(d)(1)(C); 40 C.F.R. § 130.2(i). Bottom sediment is the largest source of PCBs in both the Gunpowder and Bird Rivers. However, Maryland's final PCB TMDL failed to assign a load for PCB-contaminated bottom sediment in either river. Therefore, Maryland's TMDL failed to comply with the CWA. 33 U.S.C. § 1313(d)(1)(C); 40 C.F.R. § 130.2(i). Furthermore, EPA's approval of the Gunpowder and Bird Rivers PCB TMDL violated the Agency's non-discretionary duty to disapprove a TMDL that is not compliant with the CWA. If EPA does not come into compliance with its non-discretionary duty under the CWA within sixty

days of the postmark of this letter, Gunpowder Riverkeeper intends to file a citizen suit against EPA for this violation.

## I.   Background

### a.   State TMDLs

Under the CWA, each state must adopt water quality standards ("WQS") that designate uses for its waters and establish water quality criteria necessary to protect those uses. 33 U.S.C. § 1313(c)(2)(B). Section 303(d) then requires that each state identify and list the waters within its boundaries that do not meet those WQS. *Id.* § 1313(d)(1)(A). Bodies of water that do not meet the applicable WQS are deemed to be "impaired." Every two years, each state must submit its list of the impaired bodies of water to EPA for approval. *Id.* § 1313(d)(2).

Once EPA approves a state's Section 303(d) impaired waters list, the state incurs an obligation to set TMDLs for each impaired water in order to implement the applicable WQS. *Id.* § 1313(d)(1). Each TMDL must reflect the maximum allowable addition of a particular pollutant from every source affecting the impaired water. 40 C.F.R. § 130.2(i). The state must submit each TMDL to EPA for approval. 33 U.S.C. § 1313(d)(2). The CWA requires EPA to either approve or disapprove the TMDL within thirty days. *Id.* If EPA disapproves the state TMDL, the Agency must establish its own TMDL no later than thirty days after disapproval. *Id.*

### b.   Maryland's PCB TMDL

Polychlorinated biphenyls are manmade chemicals that persist in the environment and bioaccumulate in plants and animals. PCBs are also a threat to human health; bioaccumulation in humans is linked to cancer and other deleterious effects on the immune, reproductive, nervous, and endocrine systems. Bioaccumulation can occur in humans through the consumption of PCB-contaminated foods, including fish.

Maryland designated the Gunpowder and Bird Rivers for uses related to water contact recreation, fishing, protection of aquatic life and wildlife, and shellfish harvesting. MD. CODE REGS. §§ 26.08.02.02, 26.08.02.08. The neighboring Gunpowder Falls State Park is a popular destination for fishing and recreation. However, testing revealed that both rivers violate WQS due to high levels of PCBs in fish tissue. The rivers, therefore, require PCB TMDLs.

In 2015, Maryland issued a combined TMDL for PCBs in the Gunpowder and Bird Rivers that relied on "natural attenuation," the process of letting chemicals break down naturally, as the primary method of reducing PCB concentrations. Maryland estimated that it would take nearly 49 years for PCB concentrations in the Gunpowder River to meet WQS and 93 years for the Bird River. Maryland's failure to incorporate *the* major source of PCBs in both rivers, resuspension and diffusion from bottom sediments, likely contributed to the prolongation of the time to achieve WQS attainment. Although bottom sediment is the largest source of PCBs in the Gunpowder and Bird Rivers, Maryland did not assign a load allocation to bottom sediment in the TMDL.

On October 30, 2015, Maryland submitted the Gunpowder and Bird Rivers PCB TMDL for EPA's approval. EPA approved the TMDL on October 3, 2016.

## II.    Legal Claims

### a.    Clean Water Act

Under Section 303(d)(2) of the CWA, 33 U.S.C. § 1313(d)(2), EPA failed to perform its non-discretionary duty to disapprove Maryland's PCB TMDL as not compliant with the CWA. Maryland's TMDL did not assign baseline loads or allocations to PCBs from resuspension and diffusion of bottom sediments, and thus, did not incorporate all sources of PCBs in the Gunpowder and Bird Rivers, as required under Section 303(d) and 40 C.F.R. § 130.2(i).

Section 505(a)(2) of the CWA, 33 U.S.C. § 1365(a)(2), authorizes a citizen suit against EPA when the Agency has failed to carry out its non-discretionary duty to disapprove an inadequate TMDL. Accordingly, Gunpowder Riverkeeper is providing this letter as notice of its intent to bring suit against EPA for the Agency's failure to perform such duty.

### b.    Administrative Procedure Act

Although not required, Gunpowder Riverkeeper is also providing this letter as notice of its intent to bring suit against EPA for the Agency's arbitrary and capricious approval of Maryland's PCB TMDL for the Gunpowder and Bird Rivers.

EPA's approval of Maryland's PCB TMDL for the Gunpowder and Bird Rivers was arbitrary and capricious under Section 706 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, because the TMDL failed to adequately explain the connection between the facts found and the choices made.

Agency action is unlawful if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). An agency action is "arbitrary and capricious" if the agency fails to adequately explain the connection between the facts found and the choices made, such as by "offer[ing] an explanation for its decision that runs counter to the evidence before the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983). Thus, because resuspension and diffusion from bottom sediment was identified as *the* major source of PCBs in the Gunpowder and Bird Rivers, yet was not assigned a load allocation, EPA's approval of Maryland's TMDL is arbitrary and capricious.

## III.    Conclusion

By this letter, pursuant to Section 505 of the CWA, 33 U.S.C. § 1365, and 40 C.F.R. § 135.2, Gunpowder Riverkeeper hereby puts EPA on notice that after the expiration of sixty days from the postmark of this letter, Gunpowder Riverkeeper intends to file a citizen suit in federal court against EPA, seeking declaratory and injunctive relief for the Agency's failure to perform a non-discretionary duty under Section 303(d)(2) of the CWA. 33 U.S.C. § 1313(d)(2).

If EPA has taken any steps to remedy the underlying cause of the violation described above, or if EPA believes that anything in this letter is inaccurate, please inform us in writing. If EPA does not advise us of any remedial steps or inaccuracies within the sixty-day period, we will assume that no such steps have been taken, that the information in this letter is accurate, and that the violation described in this letter remains unresolved. We are open to meeting with EPA or its representatives within the sixty-day notice period to attempt to resolve these issues.

Sincerely,
/s/ Hope M. Babcock
Hope M. Babcock, Director
Benjamin M. Barczewski, Staff Attorney
Ryan M. Levandowski, Student Attorney

Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue, NW
Washington, DC 20001
(202) 662-9535
hope.babcock@law.georgetown.edu

*Counsel for:*

Gunpowder Riverkeeper
P.O. Box 156
Monkton, MD 21111
(410) 967-3526

**Copies via certified mail to:**

HON. WILLIAM BARR
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

BEN GRUMBLES, Secretary
Maryland Department of the Environment
1800 Washington Blvd.
Baltimore, MD 21230

COSMO SERVIDIO
Regional Administrator
U.S. Environmental Protection Agency, Region 3
1650 Arch Street
Philadelphia, PA 19103-2029